### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BANC AUTO, INC. and | : CIVIL ACTION |
| EDUARD PENIAZEK | : |
| | : |
| vs. | : NO. 08-CV-3017 |
| | : |
| DEALER SERVICES CORPORATION | : |

### MEMORANDUM AND ORDER

**JOYNER, J.**                                            **August 28, 2008**

_____This commercial dispute has been brought before the Court on
motion of the defendant, Dealer Services Corporation ("DSC") to
dismiss the plaintiffs' complaint for improper venue under Fed.
R. Civ. P. 12(b)(3) and for failure to state a cause of action
under Fed. R. Civ. P. 12(b)(6).  For the reasons articulated
below, the motion to dismiss for improper venue shall be granted.

### Factual Background

_____According to the allegations contained in the complaint,
Plaintiff, Banc Auto has been in the business of buying and
selling used cars at retail since 1996.  In 2000, Plaintiff moved
to a location in Manheim, Lancaster County, Pennsylvania, "where
it developed a large presence as retailer and wholesaler."
(Complaint, ¶4).  Beginning in May 2006, Banc Auto began
receiving "floor plan" financing from DSC which in December, 2006
was increased to a $1.5 million line of credit.  Pursuant to the
financing arrangements, as collateral for the monies to finance
Banc Auto's purchase of the vehicles for its inventory, DSC

received security interests in each of the vehicles purchased. In addition, Plaintiff Eduard Peniazek, the president and sole shareholder of Banc Auto was required to sign a personal guarantee on the loan to Banc Auto.

In early December 2007, Banc Auto suffered a serious disruption in its cash-flow as the result of the seizure by the State of New York of the bank accounts belonging to one Alex Aronov for unpaid taxes. Mr. Aronov, who had purportedly assisted Banc Auto in the sale of a number of Banc Auto's cars, had been holding some $600,000 in proceeds belonging to Banc Auto in those seized accounts. Despite the fact that Banc Auto had always been current in its payment obligations to DSC and compliant in its inventory audits, upon learning of the seizure of Mr. Aronov's accounts DSC insisted on taking possession of the collateral thereby ignoring plaintiff's pleas to permit it to sell off its remaining inventory to satisfy its loan obligations. Instead, plaintiff avers, Defendant flatly rejected a number of Plaintiff's proposals for the sale of the vehicles in favor of selling a vast number of them through Alsco Auto Auction, which as Defendant well knew, was best suited for selling only old, cheap vehicles and was not likely to yield a reasonable value. As a result of Defendant's actions, Plaintiff was forced to close its business and it was unable to re-coup any of the equity which it had invested in the seized vehicles.

2

On May 28, 2008, Plaintiffs commenced suit in the Court of Common Pleas of Montgomery County, Pennsylvania against DSC alleging violations of the Pennsylvania Uniform Commercial Code, 13 Pa. C. S. §9101, *et. seq.*, and under the common law theories of conversion, tortious interference with prospective business relations and trespass to chattels.  One month later, the defendant removed the action to this Court on the basis of the diverse citizenship of the parties and now moves to dismiss for improper venue and for failure to state a claim upon which relief may be granted.  Because we shall grant the motion on the basis of improper venue, we do not reach the issue of the sufficiency of the pleadings to state valid claims for relief.

## Standards Governing Rule 12(b)(3) Motions

Although as a general rule, motions to dismiss for improper venue are entertained under Fed. R. Civ. P. 12(b)(3), the Third Circuit has held that dismissal under Rule 12(b)(6) is proper where a forum selection clause designates another court as the exclusive venue for litigation.  See, <u>Salovaara v. Jackson National Life Insurance Life Insurance Co.</u>, 246 F.3d 289, 298-299 (3d Cir. 2001); <u>Integrated Health Resources, LLC v. Rossi Psychological Group</u>, 537 F. Supp. 2d 672, 674 (D. N.J. 2008). Traditionally, when deciding a Rule 12(b)(3) motion to dismiss for improper venue, a court must accept as true the allegations in the complaint, although the parties may submit affidavits to

support their positions.  Leone v. Cataldo, Civ. A. No. 07-CV-
3636, 2008 U.S. Dist. LEXIS 61452 at *23 (E. D. Pa. Aug. 11,
2008).  In a motion to dismiss for improper venue, the defendant,
as the moving party, bears the burden of showing that venue is
improper.  Id., citing Myers v. American Dental Association, 695
F.2d 716, 724 (3d Cir. 1982); Cumberland Truck Equipment Co. v.
Detroit Diesel Corp., 401 F. Supp. 2d 415, 418 (E. D. Pa. 2005).

    The applicable principles for ruling on Rule 12(b)(6)
motions are similar.  In evaluating a motion to dismiss under
Fed. R. Civ. P. 12(b)(6), we "accept all factual allegations as
true, construe the complaint in the light most favorable to the
plaintiff, and determine whether, under any reasonable reading of
the complaint, the plaintiff may be entitled to relief."
Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.
2008)(citations omitted).  "To survive a motion to dismiss, a
civil plaintiff must allege facts that 'raise a right to relief
above the speculative level...'" Id. at 232, quoting Bell
Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007).  In other
words, the plaintiff must provide "enough facts to raise a
reasonable expectation that discovery will reveal evidence of the
necessary element[s]" of a particular cause of action, ... and
"showing that the pleader is entitled to relief, in order to give
the defendant fair notice of what the ... claim is and the
grounds upon which it rests."  Phillips, 515 F.3d at 233, 234 and

4

quoting <u>Twombly</u>, 127 S.Ct. at 1964.   In ruling on a Rule 12(b)(6) motion to dismiss, the court may consider documents "integral to or explicitly relied upon in the complaint."   <u>In re Rockefeller Sec. Lit.</u>, 184 F.3d 280, 287 (3d Cir. 1999).

## <u>Discussion</u>

It is axiomatic that parties to a contract may select, in advance of litigation, the forum and the law under which their disputes will be settled.  <u>Botman International, B.V. v. International Produce Imports, Inc.</u>, 205 Fed. Appx. 937, 941, 2006 U.S. App. LEXIS 27114 at *9 (3d Cir. Oct. 31, 2006). Although forum selection clauses are generally treated as ordinary contract provisions and are subject to ordinary rules of contract interpretation, they are entitled to great weight and are presumptively valid.   <u>See</u>, <u>M/S Bremen v. Zapata Offshore Company</u>, 407 U.S. 1, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972); <u>John Wyeth & Brother, Ltd. v. CIGNA International Corp.</u>, 119 F.3d 1070, 1074 (3d Cir. 1997).

Of course, before a contractual forum selection can be enforced, it must actually effectuate a selection and to this end, "a court's paramount consideration is the intent of the parties."  <u>Wall Street Aubrey Golf, LLC v. Aubrey</u>, No. 05-5027, 2006 U.S. App. LEXIS 13817 at *5, 189 Fed. Appx. 82, 85 (3d Cir. June 5, 2006), quoting <u>Mellon Bank, N.A. v. Aetna Business Credit Corp.</u>, 619 F.2d 1001, 1009 (3d Cir. 1980).   Indeed, the

strongest external sign of agreement between contracting parties
is the words they use in their written contract.  Mellon Bank,
supra.  Thus, when the language of the contract is unambiguous,
that is, when the contract is "reasonably capable of only one
construction," the inquiry ends and the court must enforce the
contract as written.  Integrated Health, 537 F. supp. 2d at 674,
quoting John Wyeth, 119 F.3d at 1074.  However, when the language
in a contract is capable of more than one reasonable construction
as determined by "objective indicia viewed from the linguistic
reference point of the parties," the contract is ambiguous and
the court should look beyond the four corners of the contract to
extrinsic evidence, such as party negotiations, to discern and
give meaning to the intent of the parties.  Id., quoting Mellon
Bank, supra.  In this way, the scope of a forum selection clause
is effectively a matter of contract interpretation.  Marino v.
Cross Country Bank, No. 07-CV-1389, 2007 U.S. Dist. LEXIS 47633
AT *13 (E.D. Pa. June 29, 2007), citing John Wyeth, 119 F.3d at
1073.

     Finally, in federal court, the effect to be given a
contractual forum selection clause in diversity cases is
determined by federal not state law - specifically, 28 U.S.C.
§1404(a).  Stewart Organization, Inc. v. Ricoh Corp., 487 U.S.
22, 32, 108 S.Ct. 2239, 2245, 101 L. Ed. 2d 22 (1988); Jumara v.
State Farm Insurance Co., 55 F.3d 873, 877 (3d Cir. 1995).  Thus,

should the court find a valid forum selection clause to exist, it
will be enforced by the forum unless the party objecting to its
enforcement establishes (1) that it is the result of fraud or
overreaching; (2) that enforcement would violate strong public
policy of the forum; or (3) that enforcement would in the
particular circumstances of the case result in jurisdiction so
seriously inconvenient as to be unreasonable.  <u>Moneygram Payment
Systems, Inc. v. Consorcio Oriental, S.A.</u>, No. 01-4386, 2003 U.S.
App. LEXIS 9875 at *5, 65 Fed. Appx. 844, 846 (3d Cir. May 21,
2003), quoting <u>Coastal Steel Corp. v. Tilghman Wheelabrator,
Ltd.</u>, 709 F.2d 190, 202 (3d Cir. 1983).  A forum selection clause
is "unreasonable" where the defendant can make a strong showing
*either* that the forum thus selected is "so gravely difficult and
inconvenient that he will for all practical purposes be deprived
of his day in court." <u>Foster v. Chesapeake Insurance Company</u>, 933
F.2d 1207, 1219 (3d Cir. 1991), quoting <u>M/S Bremen</u>, 407 U.S. at
18, 92 S. Ct. at 1917.  Mere inconvenience or additional expense
is not the test of unreasonableness since it may be assumed that
the plaintiff received under the contract consideration for these
things, regardless of whether or not the clause was the result of
bargaining between the parties.  <u>Carnival Cruise Lines, Inc. v.
Shute</u>, 499 U.S. 585, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991);
<u>In re Diaz Contracting</u>, 817 F.2d 1047, 1053 (3d Cir. 1987);
<u>Central Contracting Co. v. Maryland Casualty Company</u>, 367 F.2d

341, 344 (3d Cir. 1966); <u>Boards of Trustees of Sheet Metal</u>
<u>Workers Local Union No. 12 v. TQA Fabrications, Inc.</u>, No. 05-
259J, 2006 U.S. Dist. LEXIS 14220 at *11-*12 (W.D. Pa. March 30,
2006); <u>Anastasi Brothers Corp. v. St. Paul Fire & Marine</u>
<u>Insurance Co.</u>, 519 F. Supp. 862, 864-864 (E.D. Pa. 1981).

Instantly, it appears that the Demand Promissory Note and
Security Agreement executed by Mr. Peniazek in his capacity as
President of and on behalf of Banc Auto contains the following
language at paragraph 21:

> JURISDICTION AND VENUE: As evidenced by Dealer's signature
> below, Dealer submits to the personal jurisdiction and venue
> of the state or federal courts of Marion County, Indiana and
> agrees that any and all claims or disputes pertaining to
> this Note initiated by Dealer shall be brought in the state
> or federal courts of Marion County, Indiana.  Further,
> Dealer expressly consents to such jurisdiction and venue of
> the state or federal courts in Marion County, Indiana to any
> action brought in such court by DSC and waives any claim of
> inconvenient forum with respect to any such action.  DSC
> reserves the right to initiate and prosecute any action
> against Dealer in any court of competent jurisdiction and
> Dealer consents to such Forum as DSC may select.

In contrast, paragraph 13 of the Individual Personal
Guaranty executed by Mr. Peniazek reads:

> This Guaranty shall be governed by the laws of the State of
> Indiana and guarantor expressly consents to the jurisdiction
> of the Courts of the State of Indiana and to Venue in the
> Superior or Circuit Courts of Marion County, Indiana.

The language contained in both clauses is, we find, clear
and unambiguous and without question reflects that the parties
generally agreed to have matters arising out of the floor plan
financing, security and guaranty agreements between them

adjudicated in either the state or federal courts in Marion County, Indiana.

That having been said, however, as several other courts in this district and in the Third Circuit have recognized, "when parties enter into a contract and merely consent to jurisdiction in a particular forum, they do not preclude the jurisdiction of other forums." Smurfit Stone Container Corp. v. Armacel Proprietary Ltd., No. 4:07-CV-1822, 2007 U.S. Dist. LEXIS 94433 at *3 (M.D. Pa. Dec. 27, 2007), citing Koresko v. Nationwide Life Insurance Co., 403 F. Supp. 2d 394, 400 (E.D. Pa. 2005).  On the other hand, a clear and unequivocal clause that rests exclusive jurisdiction in a particular forum will act to preclude the jurisdiction of other forums.  Id.  Although transfer may, as a practical matter, make better sense than dismissal when venue is proper but the parties have agreed upon a not-unreasonable forum selection clause that points to another federal venue, transfer is not available when a forum selection clause specifies a non-federal forum.  In that case, the district court has no choice but to dismiss the action so that it could be filed in the appropriate forum so long as dismissal would be in the interests of justice.  Salovaara, 246 F.3d at 299; Rogal v. Skilstaf, Inc., 446 F. Supp. 2d 334, 336-337 (E.D. Pa. 2006).

Here, we are faced with a unique situation: the clause in the security agreement between Banc Auto and DSC is both

9

mandatory and subject to transfer to an appropriate federal court
in Marion County, Indiana (specifically, the United States
District Court for the Southern District of Indiana in
Indianapolis) whereas the clause in the guaranty agreement is
permissive and cannot be transferred as by its terms Mr. Peniazek
has consented only to the jurisdiction and venue of the Indiana
state superior or circuit courts.  Plaintiffs do not allege that
the clause was the result of any fraud or overreaching on the
part of the defendant nor do they assert that enforcement of the
forum selection provision would result in the violation of any
policy of the forum.  Rather, Plaintiffs submit that the Court
should decline enforcement because litigating the matter in
Indiana would cause them to suffer financial hardship and expense
and prove inconvenient given that far more witnesses are present
in Pennsylvania than in Indiana.  Although we have no reason to
disbelieve Plaintiffs' assertions regarding convenience, hardship
and expense, we nevertheless cannot find that they have made the
requisite *strong* showing that litigating this case in Indiana is
"so gravely difficult and inconvenient that [they] will for all
practical purposes be deprived of [their] day in court."  We
therefore conclude that we have no alternative but to decree that
the forum selection clause be enforced.

        As a final housekeeping matter, we note that because the

plaintiffs are so closely related to one another[1] and since we cannot transfer Mr. Peniazek's claims to the U.S. District Court for the Southern District of Indiana, we believe the most prudent and judicially economical course of action to take at this juncture is the dismissal of this suit in its entirety with leave to the plaintiffs to re-plead in whatever forum they deem appropriate.   It is to that forum that we leave the decision of the sufficiency of the plaintiffs' claims to withstand the defendant's motion for dismissal for failure to state a claim upon which relief may be granted.

     An order follows.

---

[1]   As noted, Mr. Peniazek is the sole shareholder and officer of Banc Auto and the personal guarantor of the underlying indebtedness – he would have no obligations or resultant damages nor would he be a party to either the note or this lawsuit were it not for his relationship to the corporate entity. See, e.g., Medtronic, Inc. v. Endologix, Inc., 530 F. Supp. 2d 1054, 1056 (D. Minn. 2008)(holding that although it did not sign agreement containing forum selection clause, third party may be bound by a forum selection clause where it is "closely related to the dispute such that it becomes foreseeable that it will be bound," and citing Marano Enterprises of Kansas v. Z-Teca Rests., L.P., 254 F.3d 753, 757 (8th Cir. 2001)).

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

```
BANC AUTO, INC. and          : CIVIL ACTION
EDUARD PENIAZEK              :
                             :
         vs.                 : NO. 08-CV-3017
                             :
DEALER SERVICES CORPORATION  :
```

## ORDER

‎   AND NOW, this   28th   day of August, 2008, upon consideration of Defendant's Motion to Dismiss the Complaint (Docket No. 3) and Plaintiffs' Responses thereto, it is hereby ORDERED that the Motion to Dismiss is GRANTED and the Plaintiffs' Complaint is DISMISSED without prejudice to Plaintiffs' rights to re-file in the appropriate state and/or federal court in Marion County, Indiana.

                                        BY THE COURT:


                                        s/J. Curtis Joyner
                                        J. CURTIS JOYNER,       J.